# EXHIBIT A

El Paso County - 327th District Court

Case 3:19-cv-00283-FM   Document 1-4   Filed 10/04/19   Page 2 of 19

Filed 8/21/2019 8:08 AM
Norma Favela Barceleau
District Clerk
El Paso County
2019DCV3145

MARIA RAMIREZ,
    Plaintiff,

v.                                             Cause No.

AEROTEK, INC., and
SCHNEIDER ELECTRIC USA, INC.
    dba SCHNEIDER ELECTRIC,
        Defendants.

## PLAINTIFF'S ORIGINAL PETITION AND REQUEST FOR DISCLOSURE

TO THE HONORABLE COURT:

    Plaintiff, MARIA RAMIREZ ("Employee Ramirez" or "Plaintiff"), now complains of Defendants, AEROTEK, INC. ("Employer Aerotek") and SCHNEIDER ELECTRIC USA, INC. dba SCHNEIDER ELECTRIC ("Employer Schneider") (collectively: "Defendants"), and respectfully shows the court and jury as follows:

### I. DISCOVERY LEVEL

1.    Discovery is intended to be conducted under Level 2 of Rule 190 of the Texas Rules of Civil Procedure.

### II. PARTIES

2.    Plaintiff, Maria Ramirez, is a natural person residing in El Paso County, Texas.

3.    Defendant, Aerotek, Inc., is a Foreign For-Profit Corporation which may be served with process by serving its registered agent, The Prentice-Hall Corporation System at 211 E. 7th Street, Suite 620, Austin, Texas 78701, or wherever they may be found.

4.    Defendant, Schneider Electric USA, Inc. dba Schneider Electric, is a Foreign For-Profit Corporation which may be served with process by serving its registered agent, Corporation Service Company d/b/a CSC-Lawyers Incorporating Service Company at 211 E. 7th Street, Suite 620, Austin, Texas 78701, or wherever they may be found.

## III. VENUE

5. Pursuant to Texas Civil Practice and Remedies Code Section 15.002, venue is proper in El Paso County, Texas because all or a substantial part of the events or omissions giving rise to Plaintiff's claims occurred in El Paso County, Texas.

## IV. CHRONOLOGY OF FACTS

6. Employers MUST never discriminate against disabled employees to protect employees like all of us from financial losses and emotional harms due to job loss.

7. Employers MUST prevent sexual harassment and sex discrimination at work to protect us all from financial losses and emotional trauma due to job loss.

8. Employers MUST never retaliate against employees who complain of illegal discrimination by supervisors to protect employees like all of us from financial losses and emotional harms due to job loss.

9. Employers MUST never retaliate against employees who file Workers' Compensation claims to protect employees like all of us from financial losses and emotional harms due to job loss.

10. Aerotek, Inc. is an employer.

11. Schneider Electric USA, Inc., d/b/a Schneider Electric is an employer.

12. Employers Aerotek and Schneider MUST never discriminate against disabled employees to protect employees like all of us from financial losses and emotional harms due to job loss.

13. Employers Aerotek and Schneider MUST prevent sexual harassment and sex discrimination at work to protect us all from financial losses and emotional trauma due to job loss.

14. Employers Aerotek and Schneider MUST never retaliate against employees who complain of illegal discrimination by supervisors to protect employees like all of us from financial losses and emotional harms due to job loss.

15. Employers Aerotek and Schneider MUST never retaliate against employees who file Workers' Compensation claims to protect employees like all of us from financial losses and emotional harms due to job loss.

16. On November 7, 2017, Employer Schneider hires an Employee through Employer Aerotek, a temporary agency, as a Quality Inspection Technician.

17. Employers Aerotek and Schneider's employees repeatedly subject the Employee to severe and pervasive sexual harassment and assault as follows:

18. Victor Anitona:

    A. Touches the Employee's arm.

    B. Proposes the Employee go with him to a closet "to get it on".

    C. Grabs the Employee's arms and tries to bite her.

    D. Grabs the Employee's waist.

    E. Touches the Employees legs

    F. Rubs the Employees legs

    G. Strokes the Employee's back.

    H. Hugs the Employee.

    I. Grabs the Employee's hand to kiss it.

    J. Swings his hand to grab the Employee's crotch.

    K. Smells the Employee.

    L. Tells the Employee he likes her pants because she looks good in tight jeans.

    M. Tells the Employee her butt fills her jeans.

    N. Tells the Employee to stop wearing loose clothing because he cannot see her body when the Employee wears loose clothing.

O. Calls the Employee "chiquita hermosa" (little beauty)

P. Tells the Employee, "creida, déjate llevar" ( you stuck up [woman] let yourself be taken)

Q. Tells the Employee upon being pushed away, "que te hago? así me gustas, rebelde! Nunca ha ávido un hombre ke te domine" (What am I doing to you? That's how I like you, a rebel! You've never been with a man who dominated you)

R. Tells the Employee "que piernotas, que nalgotas." (what big legs, what a big ass)

S. Tells Employee "que rica te sientes" (you feel so good)

T. Tells Employee "estas bien rica, me dejas morderte?" (You're very tasty, will you let me bite you?)

19. Noe Gonzalez:

A. Rubs the Employee's back and shoulders when the Employee is next to him.

B. Farts when he is around the Employee.

C. Curses in Spanish when he is around the Employee.

D. Cured around Employee using phrases such as,

a. "ese guey," (This fucker)

b. "esta pendejo," (he's a dumbass)

c. "pinché culero." (fucken asshole)

d. "Vete a la verga," (akin to 'go fuck yourself' or 'go to hell')

E. Watches pornography on his phone while at work.

F. While watching the phone around Employee he'd comment, "esa vergota, nunca se la va a cavar," (that dick, [she'll] never finish it.)

    G.   While watching the phone around Employee he'd comment, "mira como tiene ella

           esa panocha." (Look at how she has her vagina.)

    H.   Calls over inspector Blanca, wages her blend over and says how much he'd like to

           screw her

    I.    Rubs Blanca's back.

    J.    Says:

           a.   "Chupame" (suck my dick)

           b.   "Chinga tu madre" (fuck your mom)

           c.   "Estas pendejo" (you're a dumbass)

           d.   "Culero" (asshole)

           e.   "Panocha" (pussy)

20. Sergio:

    A.   Tells the Employee that men always think about sex twenty-four hours a day.

    B.   Says:

           a.   "pendejo," (dumbass)

           b.   "Aquí te tienes que chingar" (here you have to work your ass off)

           c.   "Vete a la verga," (akin to 'go fuck yourself' or 'go to hell')

    C.   Tells the Employee that men are like animals and will have sex with anyone,

           anywhere, at anytime, and it does not matter if young or old.

21. Pablo Rivas:

    A.   Always grabs coworkers' genitalia around the Employee.

    B.   Says:

           a.   "Ponte a trabajar pinche guey," (get to work fucken fucker )

    b.   "Pinch pendejo," (fucken dumbass)

    c.   "la verga pendejo," (fuck yourself dumbass)

    d.   "apúrate mamon" (hurry cock sucker)

    e.   "Chinga tu madre" (fuck your mom)

  C.  Puts pressure on Employee to do more work otherwise Employee would get fired.

22. Luis Montoya:

  A.  Refused to train the Employee.

  B.  Asks the Employee if she likes it rough in bed, and says he is up for anything.

  C.  Asks the Employee if she has ever had sex with a woman.

  D.  Asks the Employee if she has ever had an orgy.

  E.  Asks the Employee if she has ever swapped partners.

  F.  Hugs the Employee and asks her to kiss him.

  G.  Tries to kiss the Employee's hand.

  H.  Stares at the Employee's butt.

  I.  Touches the Employee's arms.

  J.  Encourages Victor's harassment of the Employee.

  K.  Tells the Employee that "this is a man's job", and says he does not think the Employee can do the job.

23. Miguel Lozano:

  A.  Says:

    a.   "pendejo," (dumbass)

    b.   "Aquí te tienes que chingar" (here you have to work your ass off)

    c.   "Chinga tu madre" (fuck your mom)

      d.   "Culeros" (assholes)

B.  Always grabs coworkers' genitalia around the Employee.

C.  Comments "mira como se empina," (look at how she dips down) when Employee would bend over to grab or reach for something.

D.  Comments this is a mans job and did not believe Employee could do this job

E.  Continually asking other males regarding Employee, "puede o no puedo?" (Can she or can she not?

24. James Hoizar:

A.  Tells the Employee about his "conquests" with women.

B.  Tells the Employee how he takes women to a motel to "screw them".

C.  Tells the Employee that he is like a wood poker -- "hard and fast".

D.  Tells the Employee how he "screwed" a 43-year-old woman who was farting on him.

E.  Tells the Employee and his coworkers that she "screwed" another woman at work who was "asking for it", and that the next day she is limping because of all the bouncing and spreading of her legs.

F.  Brags that his girlfriend is clueless of all the women he "screwed".

G.  Tells the Employee that his ex-girlfriend broke up with him because he "couldn't stop screwing other women".

H.  Grabs his genitals in front of the Employee.

I.  Pretends to hit coworkers' genitals in front of the Employee.

25. Employer Schneider Manager Jesus Estrada receives the Employee's complaints about the sexual harassment and assaults from Employers Aerotek and Schneider's employees.

Case 3:19-cv-00283-FM   Document 1-4   Filed 10/04/19   Page 9 of 19

26. Employer Schneider Manager Estrada responds to the Employee's complaints about the sexual harassment and assaults by telling the Employee "ya dale un beso Mary" [Just give him a kiss already Mary].

27. On April 7, 2018, at or about 3:00 a.m., Employer Schneider Supervisor Santiago Segovia, through Shift Coordinator Jesus Estrada, instructs the Employee to torque all the units on the floor.

28. On April 7, 2018, at or about 2:45 p.m., Employer Schneider Shift Coordinator Estrada and Production Supervisor Cesar Hernandez receive the Employee's report that her shoulder, back, and neck are injured torquing the machines, and the Employee is unable to continue working.

29. On April 7, 2018, at or about 3:00 p.m., Employer Schneider Production Supervisor Hernandez receives notice the Employee takes medical leave for the day.

30. On April 8, 2018, at or about 6:00 a.m., Employer Schneider's infirmary sends the Employee home for the day due to her injuries.

31. On or about April 8, 2018, Employers Aerotek and Schneider are aware the Employee files a Workers' Compensation Claim.

32. On or about April 9, 2018, Employers Aerotek and Schneider receive notice that the Employee is diagnosed with contusions on her neck and shoulders, and with a sprain of the ligaments of her lumbar spine.

33. On April 9, 2018, Employers Aerotek and Schneider receive the Employee's request for a reasonable accommodation in the form of medical leave until the Employee can be seen by a Workers' Compensation doctor.

34. On April 9, 2018, Employers Aerotek and Schneider receive the Employee's complaint about the sexual harassment and assaults from Employers Aerotek and Schneider's employees.

35. On April 19, 2018, Employers Aerotek and Schneider receive the Employee's request for a reasonable accommodation in the form of light duty, through a Workers' Compensation Status Report from the Employee's doctor which diagnoses the Employee with strain on her lumbar spine and shoulder, and stating the Employee can return to work on April 20 with restrictions for light duty.

36. On April 20, 2018, Employers Aerotek and Schneider terminate the Employee.

37. That Employee is Maria Ramirez.

### V. CAUSES OF ACTION

#### A. DISABILITY DISCRIMINATION AND RETALIATION

38. Employers Aerotek and Schneider discriminated, retaliated against, and fired Employee Ramirez in violation of the Texas Commission on Human Rights Act, codified at Texas Labor Code Chapter 21, and the Americans with Disabilities Act, as amended by the Americans with Disabilities Act Amendments Act, which protect disabled employees from discrimination and retaliation.

39. All conditions precedent to the filing of this action have occurred or have been fulfilled.

#### B. WORKERS' COMPENSATION RETALIATION

40. Employers Aerotek and Schneider discriminated, retaliated against, and fired Employee Ramirez for filing a Workers' Compensation claim.

#### C. SEX DISCRIMINATION, SEXUAL HARASSMENT, AND RETALIATION

41. Employers Aerotek and Schneider discriminated, retaliated against, and fired Employee Ramirez in violation of the Texas Commission on Human Rights Act, codified at Texas

Labor Code Chapter 21, and Title VII of the Civil Rights Act of 1964, which protect

employees from sex discrimination, sexual harassment, and retaliation.

42. All conditions precedent to the filing of this action have occurred or have been fulfilled.

## VI. NOTICE OF RIGHT TO SUE

43. Attached as Exhibit A is the Notice of Right to Sue issued by the U.S. Equal Employment

Opportunity Commission and the Notice of Right to File a Civil Action by the State of

Texas for Employee Ramirez.

## VII. INJURIES AND ECONOMIC LOSSES

44. Employers Aerotek and Schneider are liable to Employee Ramirez for the damages they

caused such as back pay, front pay, and/or lost wages and benefits in the past and future,

compensatory damages, including pecuniary damages, emotional trauma due to job loss,

mental anguish or emotional pain and suffering inconvenience, and loss of enjoyment of life

in the past and in the future.

45. Additionally, Employers Aerotek and Schneider are liable for punitive damages because

Employers Aerotek and Schneider acted with malice, or, at least, with reckless and/or

conscious indifference to Employee Ramirez's state-protected rights to be free from

discrimination and retaliation, as contemplated by Texas Labor Code Section 21.2585.

## VIII. JURY DEMAND

46. Employee Ramirez requests that this case be decided by a jury as allowed by Texas Rule of

Civil Procedure 216.

## IX. REQUEST FOR DISCLOSURE

47. Pursuant to Texas Rule of Civil Procedure 194, Employers Aerotek and Schneider are

requested to disclose the information and material described in Rule 194.2(a)-(k).

## X. PRAYER

Plaintiff prays that she recover from Defendants actual damages over $200,000.00 but not more than $1,000,000.00, including but not limited to, past and future lost earnings, mental anguish and inconvenience, emotional pain and suffering, loss of enjoyment of life, bodily injury, pain and suffering, economic damages and benefits in the past and future, compensatory damages, punitive damages, reinstatement, prejudgment interest, post judgment interest, costs and such other and further relief to which she may show herself to be justly entitled, in law and in equity. Damages sought are within the jurisdictional limits of the court.

**SIGNED** this ___20___ day of August, 2019.

Respectfully submitted,

**CHAVEZ LAW FIRM**
2101 Stanton Street
El Paso, Texas 79902
915/351-7772
915/351-7773 facsimile

By: _____

**Enrique Chavez, Jr.,** State Bar No.: 24001873
enriquechavezjr@chavezlawpc.com
**Michael R. Anderson,** State Bar No.: 24087103
chavezlawfirm+manderson@chavezlawpc.com
*Attorneys for Plaintiff*

# Exhibit A

EEOC Form 161-B (11/16)

## U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

## NOTICE OF RIGHT TO SUE *(ISSUED ON REQUEST)*

| To: | Maria L. Ramirez<br>c/o Enrique Chavez, Jr.<br>Chavez Law Firm<br>2101 N. Stanton Street<br>El Paso, TX 79902 | From: | El Paso Area Office<br>100 N. Stanton St.<br>6th Floor, Suite 600<br>El Paso, TX 79901 |
|---|---|---|---|

☐ *On behalf of person(s) aggrieved whose identity is CONFIDENTIAL (29 CFR §1601.7(a))*

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 453-2018-01029 | Carlos A. Amparan,<br>Investigator | (915) 534-4504 |

*(See also the additional information enclosed with this form.)*

**NOTICE TO THE PERSON AGGRIEVED:**

**Title VII of the Civil Rights Act of 1964, the Americans with Disabilities Act (ADA), or the Genetic Information Nondiscrimination Act (GINA):** This is your Notice of Right to Sue, issued under Title VII, the ADA or GINA based on the above-numbered charge. It has been issued at your request. Your lawsuit under Title VII, the ADA or GINA **must be filed in a federal or state court WITHIN 90 DAYS of your receipt of this notice**; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a claim under state law may be different.)

☒ More than 180 days have passed since the filing of this charge.

☐ Less than 180 days have passed since the filing of this charge, but I have determined that it is unlikely that the EEOC will be able to complete its administrative processing within 180 days from the filing of this charge.

☒ The EEOC is terminating its processing of this charge.

☐ The EEOC will continue to process this charge.

**Age Discrimination in Employment Act (ADEA):** You may sue under the ADEA at any time from 60 days after the charge was filed until 90 days after you receive notice that we have completed action on the charge. In this regard, **the paragraph marked below applies to your case:**

☐ The EEOC is closing your case. Therefore, your lawsuit under the ADEA **must be filed in federal or state court WITHIN 90 DAYS** of your receipt of this Notice. Otherwise, your right to sue based on the above-numbered charge will be lost.

☐ The EEOC is continuing its handling of your ADEA case. However, if 60 days have passed since the filing of the charge, you may file suit in federal or state court under the ADEA at this time.

**Equal Pay Act (EPA):** You already have the right to sue under the EPA (filing an EEOC charge is not required.) EPA suits must be brought in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred more than 2 years (3 years)** before you file suit may not be collectible.

If you file suit, based on this charge, please send a copy of your court complaint to this office.

On behalf of the Commission

*[signature]*

**Lucy V. Orta,**
**Area Office Director**

JUL 29 2019

*(Date Mailed)*

Enclosures(s)

cc: **Mary Ann McLean, Deputy Counsel**
**Schneider Electric**
**200 N. Martingale Rd., Ste. 1000**
**Schaumburg, IL 60173**

**NOTICE OF RIGHTS UNDER THE ADA AMENDMENTS ACT OF 2008 (ADAAA):**  The ADA was amended, effective January 1, 2009, to broaden the definitions of disability to make it easier for individuals to be covered under the ADA/ADAAA. A disability is still defined as (1) a physical or mental impairment that substantially limits one or more major life activities (actual disability); (2) a record of a substantially limiting impairment; or (3) being regarded as having a disability.  *However, these terms are redefined, and it is easier to be covered under the new law.*

<u>**If you plan to retain an attorney to assist you with your ADA claim, we recommend that you share this information with your attorney and suggest that he or she consult the amended regulations and appendix, and other ADA related publications, available at http://www.eeoc.gov/laws/types/disability_regulations.cfm.**</u>

**"Actual" disability or a "record of" a disability (note: if you are pursuing a failure to accommodate claim you must meet the standards for either "actual" or "record of" a disability):**

> **The limitations from the impairment no longer have to be severe or significant** for the impairment to be considered substantially limiting.

> In addition to activities such as performing manual tasks, walking, seeing, hearing, speaking, breathing, learning, thinking, concentrating, reading, bending, and communicating (more examples at 29 C.F.R. § 1630.2(i)),  **"major life activities"** now include the operation of major bodily functions, such as: functions of the immune system, special sense organs and skin; normal cell growth; and digestive, genitourinary, bowel, bladder, neurological, brain, respiratory, circulatory, cardiovascular, endocrine, hemic, lymphatic, musculoskeletal, and reproductive functions; or the operation of an individual organ within a body system.

> **Only one** major life activity need be substantially limited.

> With the exception of ordinary eyeglasses or contact lenses, **the beneficial effects of "mitigating measures"** (e.g., hearing aid, prosthesis, medication, therapy, behavioral modifications) **are not considered** in determining if the impairment substantially limits a major life activity.

> An impairment that is **"episodic"** (e.g., epilepsy, depression, multiple sclerosis) or **"in remission"** (e.g., cancer) is a disability if it **would be substantially limiting when active**.

> An impairment **may be substantially limiting even though** it lasts or is expected to last **fewer than six months**.

**"Regarded as" coverage:**

> An individual can meet the definition of disability if an **employment action was taken because of an actual or perceived impairment** (e.g., refusal to hire, demotion, placement on involuntary leave, termination, exclusion for failure to meet a qualification standard, harassment, or denial of any other term, condition, or privilege of employment).

> "Regarded as" coverage under the ADAAA no longer requires that an impairment be substantially limiting, or that the employer perceives the impairment to be substantially limiting.

> The employer has a defense against a "regarded as" claim only when the impairment at issue is objectively *BOTH* transitory (lasting or expected to last six months or less) *AND* minor.

> A person is not able to bring a failure to accommodate claim *if* the individual is covered only under the "regarded as" definition of "disability."

*Note:  Although the amended ADA states that the definition of disability "shall be construed broadly" and "should not demand extensive analysis," some courts require specificity in the complaint explaining how an impairment substantially limits a major life activity or what facts indicate the challenged employment action was because of the impairment.  Beyond the initial pleading stage, some courts will require specific evidence to establish disability.*  For more information, consult the amended regulations and appendix, as well as explanatory publications, available at http://www.eeoc.gov/laws/types/disability_regulations.cfm.

# Texas Workforce Commission
## A Member of Texas Workforce Solutions

Ruth R. Hughs, Chair
Commissioner Representing
Employers

Julian Alvarez
Commissioner Representing
Labor

Bryan Daniel
Commissioner Representing
the Public

Edward Serna
Interim Executive Director

August 8, 2019

### NOTICE OF COMPLAINANT'S RIGHT TO FILE CIVIL ACTION

Maria L. Ramirez
c/o Enrique Chavez, Jr.
Chavez Law Firm
2101 N. Stanton Street
El Paso, TX  79902

Re:   *Maria L. Ramirez v. Aeroteck and Schneider Electric*
      EEOC Complaint # 453-2018-01029

Dear Maria L. Ramirez:

The above-referenced case was processed by the United States Equal Employment Opportunity Commission or a local agency. Pursuant to Sections 21.252 and 21.254 of the Texas Labor Code, this notice is to advise you of your right to bring a private civil action in state court in the above-referenced case. YOU HAVE SIXTY (60) DAYS FROM THE RECEIPT OF THIS NOTICE TO FILE THIS CIVIL ACTION.

If your case has been successfully resolved by the U. S. Equal Employment Opportunity Commission or another agency through a voluntary settlement or conciliation agreement, you may be prohibited by the terms of such an agreement from filing a private civil action in state court pursuant to the Texas Commission on Human Rights Act, as amended.

The United States Supreme Court has held in *Kremer v. Chemical Construction Corporation*, 456 U.S. 461 (1982), that a federal district court must generally dismiss a Title VII action involving the same parties and raising the same issues as those raised in a prior state court action under Chapter 21 of the Texas Labor Code. Therefore, filing a lawsuit in state court based on the issuance of this notice of right to file a civil action may prevent you from filing a lawsuit in federal court based on Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. 2000e - et seq.

Sincerely,

Bryan D. Snoddy
Interim Executive Director, Civil Rights Division

### RETAIN ENVELOPE TO VERIFY DATE RECEIVED

Copy to:
Aeroteck and Schneider Electric
c/o: Mary Ann McLean
Deputy Counsel
200 N. Martingale Rd., Ste. 1000
Schaumburg, IL 60173

101 E. 15th Street, Guadalupe CRD • Austin, TX 78778-0001• (512) 463-2642 (T) • (512) 482-8465 (F) • Relay Texas: 800-735-2989 (TDD) 800-735-2988 (Voice) • www.texasworkforce.org
Equal Opportunity Employer / Program

TEXAS
WORKFORCE SOLUTIONS



SWS
PO Box 920574
El Paso, TX 79902

PLACE STICKER AT TOP OF ENVELOPE TO THE RIGHT
OF THE RETURN ADDRESS, FOLD AT DOTTED LINE

CERTIFIED MAIL®

7018 0360 0002 3175 0702

RETURN RECEIPT
REQUESTED

Aerotet Inc.
c/o The Prentice Hall Corporation System
211 E. 7th St., Ste. 620
Austin, TX 78701

USPS
1000
78701

U.S. POSTAGE PAID
FCM LETTER
EL PASO, TX
79902
SEP 04, 19
AMOUNT

$7.30
R2303S1 02200-22

# THE STATE OF TEXAS

NOTICE TO DEFENDANT: "You have been sued. You may employ an attorney. If you, or your attorney, do not file a written answer with the clerk who issued this citation by 10:00 a.m. on the Monday next following the expiration of twenty days after you were served this citation and petition, a default judgment may be taken against you."

TO:   **Aerotek, Inc.**, who may be served with process by serving its registered agent, The Prentice-Hall Corporation System, at 211 E 7th Street, Suite 620, Austin, TX 78701

Greetings:

You are hereby commanded to appear by filing a written answer to the Plaintiff's Original Petition and Request for Disclosure at or before ten o'clock A.M. of the Monday next after the expiration of twenty days after the date of service of this citation before the Honorable **327th Judicial District Court,** El Paso County, Texas, at the Court House of said County in El Paso, Texas.

Said Plaintiff's Petition was filed in said court on this the 21st day of August, 2019, by Attorney at Law ENRIQUE CHAVEZ, JR. 2101 N STANTON ST  EL PASO TX  79902 in this case numbered **2019DCV3145** on the docket of said court, and styled:

**Maria Ramirez**
**vs**
**Aerotek, Inc., and Schneider Electric USA, Inc. dba Schneider Electric**

The nature of Plaintiff's demand is fully shown by a true and correct copy of the Plaintiff's Original Petition and Request for Disclosure accompanying this citation and made a part hereof.

The officer executing this writ shall promptly serve the same according to requirements of law, and the mandates thereof, and make due return as the law directs.

Issued and given under my hand and seal of said Court at El Paso, Texas, on this the 29th day of August, 2019.

Attest:  NORMA FAVELA BARCELEAU, District Clerk, El Paso County, Texas.

CLERK OF THE COURT
**NORMA FAVELA BARCELEAU**
District Clerk
El Paso County Courthouse
500 E. San Antonio Ave, RM 103
El Paso Texas, 79901

By _____, Deputy
Stephanie V. Aguilar

CERTIFICATE OF DELIVERY BY MAIL

I hereby certify that on the _4_ day of _Sep_, 2019, at _4:00pm_ I mailed to

ATTACH
RETURN RECEIPTS
WITH
ADDRESSEE'S SIGNATURE
Rule 106 (a) (2) the citation shall be served by mailing to the defendant by Certified Mail Return receipt requested, a true copy of the citation. Sec. 17.027 Rules of Civil Practice and Remedies Code if not prepared by Clerk of Court.

_____

_____

Defendant(s) by registered mail or certified mail with delivery restricted to addressee only, return receipt requested, a true copy of this citation with a copy of the Plaintiff's Original Petition and Request for Disclosure attached thereto.

| *NAME OF PREPARER | | TITLE |
|---|---|---|
| ADDRESS | | |
| CITY | STATE | ZIP |

_____
TITLE

**RETURN OF SERVICE**

Delivery was completed on _____, delivered to_____

_____ as evidence by Domestic Return Receipt PS Form 3811

attached hereto.

      The described documents were not delivered to the named recipient. The certified mail envelope was returned

undelivered marked _____.

      This forwarding address was provided:_____

El Paso County, Texas

By:_____

Deputy District Clerk

OR

_____

Name of Authorized Person

By:_____

**VERIFICATION BY AUTHORIZED PERSON**

State of Texas

County of El Paso

      Before me, a notary public, on this day personally appeared _____, known to me to be the person whose name is subscribed to the foregoing Return of Service, and being by me first duly sworn, declared, "I am disinterested party qualified to make an oath of that fact and statements contained in the Return of Service and true and correct."

Subscribed and sworn to be on this _____ day

of _____, _____.

_____

Notary Public, State of _____

My commission expires:_____