UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

| | § | |
|---|---|---|
| **MICHELLE ARES,** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | EP-19-CV-00283-FM |
| v. | § | |
| | § | |
| **SCHNEIDER ELECTRIC USA, INC.** | § | |
| **d/b/a SCHNEIDER ELECTRIC,** | § | |
| | § | |
| **Defendant.** | | |

## ORDER ON MOTION FOR ATTORNEYS' FEES

Before the court is "Plaintiff's Motion for Attorney Fees and Costs" [ECF No. 174], filed February 27, 2023, by Michelle Ares ("Plaintiff"). Therein, Plaintiff requests the court grant attorneys' fees of $1,185,544.00 to be paid by Schneider Electric USA (Defendant) for prevailing in her Title VII sexual harassment claim.[1] After due consideration of the parties' motions, affidavits, other supporting evidence, and case law, the court enters the following order.

### I. BACKGROUND

This case begins after Defendant hired Plaintiff as a Quality Technician in 2017.[2] Soon thereafter she began to be sexually harassed by several male coworkers, including one of the men tasked with her initial training.[3] Plaintiff reported her sexual harassment to a company lead who ignored her pleas.[4] Plaintiff then emailed the company's hiring manager and the representative for

---

[1] "Plaintiff's Motion for Attorney Fees and Costs" 21, ECF No. 174, filed Feb. 27, 2023.

[2] "Jury Trial Transcript Volume 2 of 5" ("Tr. 2") 34, 31, ECF No. 163, filed Oct. 13, 2022.

[3] *Id.* at 38, 42–48, 114.

[4] *Id.* at 71, 74.

1

a staffing company (Aerotek), and an investigation was opened. Plaintiff was terminated shortly thereafter.[5]

In August 2019, Plaintiff filed claims against Defendant and Aerotek in Texas State court. These claims included retaliation, disability discrimination, and sexual harassment under Title VII.[6] Aerotek removed to federal court, and the court dismissed Plaintiff's retaliation and disability discrimination claims as to both parties.[7] Plaintiff's sexual harassment claim solely as to Aerotek was also dismissed, leaving only her sexual harassment claim pertaining to Defendant.[8]

In September 2022, the court conducted a four-day trial during which Defendant moved for judgment as a matter of law and was subsequently denied.[9] The jury found the Defendant liable on the sexual harassment claim and awarded Plaintiff $500,000 in compensatory damages.[10] Following the conclusion of trial, Defendant renewed its motion for judgment as a matter of law.[11] Defendant's motion for judgment as a matter of law was denied in part, but the court granted a lower damages award.[12] Plaintiff's damages award was remitted from $500,000 to $75,424. Plaintiff then filed her motion for attorneys' fees.

---

[5] Tr. 3 at 24, 28–29.

[6] "Defendant's Notice of Removal," Ex. A, "Plaintiff's Original Petition and Request for Disclosure" 9–10, ECF No. 1-4, filed Oct. 4, 2019.

[7] "Order on Motions for Summary Judgment" 25–26, ECF No. 92, entered Feb. 10, 2021.

[8] "Order Grating Motion for Reconsideration" 6–7, ECF No. 99, entered June 17, 2021.

[9] Tr. 3 at 122.

[10] "Jury Verdict Form" 4, ECF No. 155, entered Sept. 30, 2022.

[11] "Schneider Electric's Renewed Motion for Judgment as a Matter of Law, or, Alternatively, Motion for New Trial" 2, ECF No. 167, filed Oct. 21, 2022.

[12] "Order Denying Motion for Judgment as a Matter of Law and Remitting Compensatory Damages Award" 22, ECF No. 172, filed Feb. 13, 2023.

2

## II. LEGAL STANDARD

A court may award a prevailing party in a Title VII claim "a reasonable attorney's fee as part of the costs."[13] In the Fifth Circuit, a district court must apply a two-step method for determining a reasonable fee award.[14] First, a district court is to calculate the "lodestar" by multiplying the reasonable hourly rate by the number of hours reasonably expended on the litigation.[15] A fee applicant bears the burden of demonstrating that the hours expended and the rates charged by counsel are reasonable.[16] Second, a court should consider whether to enhance or decrease the lodestar based on the *Johnson* factors.[17] The *Johnson* factors include: (1) the time and labor required; (2) the novelty and difficulty of the questions; (3) the skill requisite to perform the legal service properly; (4) the preclusion of other employment by the attorney due to acceptance of the case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or the circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the undesirability of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases.[18]

---

[13] 42 U.S.C.A. § 2000e-5 (West).

[14] *Portillo v. Cunningham*, 872 F.3d 728, 741 (5th Cir. 2017).

[15] *Saldivar v. Austin Indep. Sch. Dist.*, 675 F.App'x 429 (5th Cir. 2017).

[16] *Burns v. Nielsen*, No. EP-17-CV-00264-DCG, 2021 WL 534711 *3 (W.D. Tex. Feb. 12, 2021).

[17] *Portillo*, 872 F.3d at 741.

[18] *Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714, 717–19 (5th Cir. 1974).

The fee applicant also "bears the burden of showing that. . . an [upward] adjustment is necessary."[19] This burden is appreciable because "there is a strong presumption that the lodestar amount is a reasonable fee."[20]

## III. DISCUSSION

This has been a contentious case taking nearly four years to reach where it is now. In fitting with its history, the Defendant disputes Plaintiff's motion for attorneys' fees in nearly every regard. Plaintiff is asking for $1,185,544.00 in attorney fees. Meanwhile, Defendant argues Plaintiff's hourly rates and total hours worked are not reasonable. In addition, Plaintiff argues that there should be a *Johnson* factors enhancement and Defendant argues there should be a decrease. The parties also dispute what costs can be recovered. This court begins by calculating the lodestar which includes resolving what is a reasonable fee and what are reasonable hours.

*A. Reasonable Fees*

Plaintiff argues that $700 per hour for the lead attorney, $600 for John Lomax Anderson, $330 for associate attorney Michael Anderson, $270 for associate attorney Christine Chavez-Osterberg, and $120 for a legal assistant are reasonable rates. Conversely, Defendant argues that these rates are not reasonable, and each should be substantially lower than what Plaintiff requests.

The Fifth Circuit has stated that reasonable hourly rates are determined by the "relevant market. . . in the community in which the district court sits."[21] Plaintiff argues that the relevant market is the district that the court sits in—the court acknowledges that some district courts have held so—however, the court agrees with the vast majority of courts that the relevant market is the

---

[19] *Walker v. U.S. Dep't of Hous. & Urban Dev.*, 99 F.3d 761, 771 (5th Cir. 1996).

[20] *Saldivar*, 675 F.App'x at 431.

[21] *Tollett v. City of Kemah*, 285 F.3d 357, 367 (5th Cir. 2002).

4

division a district court sits in.[22] Thus, the relevant market is not the entire Western District but just the community of El Paso. The court believes this is the correct way to determine reasonable hourly rates because there is more that goes into attorney rates for different markets than what filings are typically associated with a Title VII case.

Evidence typically proffered to help a district court determine reasonable fees include affidavits from local attorneys, state bar surveys, and attorneys' fees in similar cases.[23] Here, Plaintiff offers his own affidavit, the affidavits of five other attorneys, and the Texas Employment Lawyers Association ("TELA") "2022 Attorneys' Fees Hourly Rates Yearbook."[24] Given the decision on what constitutes relevant market, the court does not find TELA's rate yearbook very probative because it uses rates for the entire Western District of Texas. The Defendant submitted his own affidavit in opposition to Plaintiff's.[25]

Additionally, the court has reviewed other attorney fee awards in El Paso's federal division. In *Nevarez L. Firm, PC v. Dona Ana Title Co.*, an El Paso court determined reasonable attorney fee rates of $300 an hour for a veteran attorney with decades of experience and $200 an hour for a

---

[22] *See Bear Ranch, LLC v. Heartbrand Beef, Inc.*, No. 6:12-CV-14, 2016 WL 3549483 *5 (S.D. Tex. June 30, 2016) ("The Court considers the relevant community to be the judicial district in which the litigation occurred (the Southern District of Texas), not the particular division in which the case was pending.); *Hobbs v. Petroplex Pipe & Constr., Inc.*, No. MO:17-CV-00030-DC, 2020 WL 11931112 *1 (W.D. Tex. Oct. 6, 2020) (The relevant community refers to "the judicial district in which the litigation occurred," which, in this case, is the Western District of Texas.); *Contrast with Burns*, 2021 WL 534711, at *4 (The relevant market is "the community in which the district court sits," here, the El Paso County.); *See also Walker*, 99 F.3d at 770 (Stating that the district court was correct when the "Court used the city/division case was held in as the prevailing legal market" and used Dallas as the appropriate community for determining market rates.).

[23] *Miller v. Raytheon Co.*, 716 F.3d 138, 149 (5th Cir. 2013).

[24] *See* "Plaintiff's Motion for Attorney Fees and Costs," ECF No. 174, filed Feb. 27, 2023.

[25] *See* "Exhibit A," ECF No. 182–1, filed March 27, 2023.

5

newer attorney were reasonable.[26] In *Lopez v. Saul*, an El Paso court determined rates of $189.94 and $195.55 per hour for work in 2017, 2018, and 2019 was reasonable.[27] In *Edwards v. Aaron Rents, Inc.*, an employment discrimination case, an El Paso court determined that $225 an hour was a reasonable rate.[28] In *Burns v. Nielson*, an ADA discrimination case, an El Paso court determined that hourly rates of $250 and $185 were reasonable in 2021.[29]

For many of the higher hourly rates awarded, there is a common denominator in that the defendants in those cases did not contest the hourly rates.[30] Such a factor is not present in this case. Here, Defendant vehemently opposes Plaintiff's requested fees and offers evidence contesting the hourly rate. Defendant states in the affidavit of lead counsel that he engaged with local El Paso attorneys to assist with the state case.[31] The local El Paso attorneys quoted him rates of $250 per hour.[32] Such a contest warrants closer inspection of Plaintiff's requested hourly rates.

Therefore, after consideration of both parties' affidavits and a thorough review of attorney fee awards in the El Paso division, the court determines $300 an hour to be reasonable for Enrique Chavez Jr. (lead counsel for Plaintiff), $300 an hour for John Lomax Anderson, $200 an hour for associate attorney Michael Anderson, and $185 an hour for associate attorney Christine Chavez-Osterberg.

---

[26] *Nevarez L. Firm, PC v. Dona Ana Title Co.*, No. EP-15-CV-297-DB, 2017 WL 5653871 *5 (W.D. Tex. Mar. 24, 2017), *aff'd sub nom. Nevarez L. Firm, P.C. v. J. L. R.*, 699 F. App'x 353 (5th Cir. 2017).

[27] *Lopez v. Saul*, No. EP-17-CV-367-MAT, 2019 WL 13193250 *3 (W.D. Tex. July 23, 2019).

[28] *Edwards v. Aaron Rents, Inc.*, 482 F. Supp. 2d 803, 812 (W.D. Tex. 2006).

[29] *Burns*, 2021 WL 534711, at *5.

[30] *See Nevarez L. Firm PC*, WL 5653871 at *5; *see also Lopez*, WL 13193250 at *3.

[31] "Exhibit A" 3, ECF No. 182–1, filed March 27, 2023.

[32] *Id.*

*B.     Reasonable Hours*

In order to calculate the lodestar, the court must now determine if the hours listed by Plaintiff are reasonable. Plaintiff states that lead counsel worked 449.75 hours on this case, 497.2 hours for associate attorney Michael Anderson, 79.8 hours for John Lomax Anderson, 92.5 hours for Christine Chavez-Osterberg, and 341.8 hours for a legal assistant. Plaintiff argues that a collective total of 1,461.05 hours is reasonable. Defendant disagrees and argues these hours are not reasonable because Plaintiff did not exercise billing judgment.

"We must recognize the well-settled principle that attorneys' fees must be awarded only for those lawyer hours that are reasonably necessary to adequately prosecute the case."[33] "Attorneys' fees must not be awarded for attorney hours that are 'excessive, redundant, or otherwise unnecessary.'"[34] "The plaintiff [is] charged with the burden of showing the reasonableness of the hours they bill and, accordingly, are charged with proving that they exercised billing judgment."[35] A party does not exercise billing judgment when he fails to remove hours for failed claims or dismissed parties and fails to give adequate context for his billing.[36] As the Supreme Court put it in *Hensley v. Eckerhart*, "in the private sector, 'billing judgment' is an important component in fee setting. It is no less important here. Hours that are not properly billed to one's *client* also are not properly billed to one's adversary."[37]

---

[33] *E.E.O.C. v. Clear Lake Dodge*, 60 F.3d 1146, 1154 (5th Cir. 1995).

[34] *Id.* (citing *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983)).

[35] *Walker*, 99 F.3d at 770.

[36] *See Walker*, 99 F.3d at 770–71 (stating that Plaintiff did not meet their burden because Plaintiff charged for failed claims.); *see also E.E.O.C.*, 60 F.3d at 1154 (declaring that 868 hours of compensable time was unreasonable given that the case was not an uncommon or complex one.); *see also Hensley*, 461 U.S. at 434.

[37] *Id.*

The court agrees with Defendant that Plaintiff failed in her burden to exercise billing judgment. Defendant argues that Plaintiff failed to remove charges for work on Aerotek, a dismissed party, and the state case.[38] Defendant further argues that Plaintiff billed for duplicative work, vague work, excessive work, and that the work of Christine Chavez-Osterberg should not be included at all.[39] Plaintiff submitted her billing records in support of attorneys' fees.[40]

The billing records state that Mr. Chavez's law firm uses a "document based and oriented" recording system.[41] It appears to separate items by category for example, one grouping of activities falls under "correspondence from or by Plaintiff" and then another category will be "Pleading or Order from Court."[42] Additionally, the recording system is explained to have a "minimum time entry of .1 (one-tenth of an hour)[43] Meaning, even if it took two minutes to review and file an email, there would be a billing entry of .1 or six minutes. Further, Mr. Chavez states that the law firm uses a communal email system, "whereby each email each lawyer or assistant receives or sends is placed in a joint inbox or sent box."[44] This explains why there are entries in nearly every individuals' billing records for similar emails but it does not justify the work as non "excessive, repetitive, or duplicative." Keeping your team informed of developments in a case is important but it does not mean everyone gets to bill for it.

---

[38] "Schneider Electric's Response to Plaintiff's Motion for Attorney Fees and Costs" 7, ECF No. 182, filed March 27, 2023.

[39] *See Id.* 7–12.

[40] "Exhibit A" 16, ECF No. 174–1, filed Feb. 27, 2023.

[41] *Id.*

[42] *Id.* at 25.

[43] *Id.* at 16.

[44] *Id.*

The records also do not reflect proper removal of time spent working on Aerotek and the state case. There are entries that state, "no charge because the entry was limited to Aerotek."[45] Yet there is a billed time entry for "Email from Opposing Counsel RE Defendant Aerotek's Objections and Responses to Requests for Production."[46] Such an entry seems like it entirely involves Aerotek which means it should not be billed, or at the very least reduced. There is another entry by Mr. Chavez that goes, "Plaintiff's Answers to Interrogatories to Aerotek (state)."[47] This appears to only involve Aerotek in the state case; thus, this record should not be included in Plaintiff's application for attorneys' fees. These types of entries appear throughout all of the billing records and show a lack of billing judgment.

As a final point on "reasonable hours," Defendant argues that all of Christine Chavez-Osterberg hours are not recoverable because she did not provide adequate descriptions for what she did.[48] As a general matter, Plaintiff has failed to adequately describe all trial prep and work. All work preparing for trial is described as "trial prep."[49] Descriptions like those do not explain if the work done was for exhibit preparation, work on opening or closing, preparing a cross-examination, etc. and is unnecessarily vague. However, this does not mean that all trial prep work should be unrecoverable. It is undisputable that trial prep work is vital, and a lack of specificity does not mean that the court infers Christine Chavez-Osterberg did nothing to help prepare for trial. Therefore, the court will count Christine Chavez-Osterberg's hours, but these vague

---

[45] *Id.*

[46] *Id.* at 17.

[47] *Id.* at 92.

[48] "Schneider Electric's Response to Plaintiff's Motion for Attorney Fees and Costs" 12, ECF No. 182, filed March 27, 2023.

[49] "Exhibit A" 160, ECF No. 174–1, filed Feb. 27, 2023.

descriptions further support the conclusion that Plaintiff failed to perform proper billing judgment.[50]

Fee applicants "take their chances in submitting fee requests containing block-billed entries and will have no cause to complain if a district court reduces the amount requested on this basis."[51] When there is little to no evidence of billing judgment, a district court may employ two methods to fashion an appropriate remedy. It may reduce the hours awarded by a percentage intended to substitute for the exercise of billing judgment, or the court may perform a line-by-line analysis of the bills presented.[52] In *Walker v. U.S. Dep't of Hous. & Urb. Dev.*, the court reduced the hours by 15%.[53] In *Burns*, the court reduced hours claimed for trial preparation and trial by 65% for excessiveness, vagueness, block-billing, and failure to exercise billing judgment.[54] This is a District Court, not an accounting firm, so the court will not be going line-by-line through Plaintiff's voluminous billing records to try and correct their mistakes; therefore, it will instead apply a flat percentage decrease in hours. Given the block-billing, excessiveness, vagueness, failure to sufficiently remove time spent on Aerotek and the state case, and overall failure to exercise billing judgment, the court will be reducing all hours by 30%.

---

[50] *See Walker*, 99 F.3d at 773 ("Records of block billed time for the day with listings such as: 'library research,' 'analyzing documents,' 'phone interviews,' without more is not enough and payment of their fees will be thrown out.").

[51] *DeLeon v. Abbott*, 687 F. App'x 340, 346 n.4 (5th Cir. 2017).

[52] *Burns*, 2021 WL 534711, at *8.

[53] *Walker*, 99 F.3d at 770.

[54] *Burns*, 2021 WL 534711, at *13.

a.   Fees for Work Done by the Legal Assistant

Defendant also contends that all hours of work done by the legal assistant are non-recoverable because it was all clerical work. Work of paralegals, law clerks, and legal assistants are compensable, but only if that work is legal rather than clerical.[55] Clerical work includes: "copying, typing, labeling, faxing, mailing, filing, and/or delivering pleadings/documents."[56] Legal work necessitates the use of critical thinking skills and analysis. Just because a task may be done by an attorney, does not automatically make it legal work.

Sorting emails and correspondence from defense counsel is not legal work. It requires little more than a cursory review of the contents and noting of who sent the correspondence. Many items on the legal assistants billing records include "download, review, index to case file, and upload to servers" of a plethora of correspondence from both Defendant's counsel and Aerotek's counsel.[57] Plaintiff concedes that the legal assistant reviewed or read documents, identified the documents, and organized the documents.[58] There is no doubt this work assisted Plaintiff's counsel in prosecuting the case, but it is not work that requires a lawyers skills. Even if this work is usually done by an attorney. Sorting and reviewing emails is not the same as reviewing and marking discovery.

There are also many entries that are plainly clerical work. All of the work entering or filing pleadings has been well established as clerical.[59] Yet, Plaintiff did not remove all of the work under

---

[55] *Doe v. Neal*, No. 5:14-CV-00102-XR, 2015 WL 4508335 *4 (W.D. Tex. July 24, 2015).

[56] *Burns*, 2021 WL 534711, at *14.

[57] *See* "Exhibit A" 17, ECF No. 174–1, filed Feb. 27, 2023.

[58] *See* "Plaintiff's Reply to Schneider Electric's Response to Plaintiff's Motion for Attorney Fees and Costs" 9, ECF No. 183, filed April 3, 2023.

[59] *Burns*, 2021 WL 534711, at *14.

11

"pleading or filing by Plaintiff."[60] On the other hand, there are billing entries for document review such as reviewing the "employee incident report."[61] While the vagueness of the entries makes it difficult to discern exactly what the legal assistant did with this discovery, if the legal assistant did review its substance like an attorney would, that would be recoverable.

Upon full review, most of the legal assistant's work involves reviewing and sorting emails, delivering, filing, and sorting pleadings, and bate stamping production all of which is clerical. Given that there are a few entries which appear to be legal work, the court will be reducing the legal assistant's hours by an additional 50%. In sum, the legal assistant's hours are being reduced by the flat 30% everyone is receiving plus an additional 50% for clerical work. Additionally, Defendant did not offer a counter proposal or evidence for what is considered "reasonable hourly rates" for a legal assistant. Therefore, the court will rely on the affidavits of Plaintiff and concludes that $120 an hour is a reasonable rate for a legal assistant.

## C. *Lodestar Enhancement or Decrease*

With reasonable fees and reasonable hours determined, the lodestar comes out to the following: **$200,996.95**. Plaintiff then advocates that the lodestar should be enhanced and multiplied by two based on the *Johnson* factors; conversely, Defendant contends the *Johnson* factors necessitate a decrease in the lodestar.

"After calculating the lodestar, the Court may either: (1) accept the lodestar figure; or (2) decrease or enhance it based on the circumstances of the case, taking into account what are referred to as the Johnson factors."[62] There is a *strong presumption* that the lodestar amount is a reasonable

---

[60] *See* "Exhibit A" 40–41, ECF No. 174–1, filed Feb. 27, 2023.

[61] *Id.* at 43.

[62] *Hobbs*, 2020 WL 11931112, at *1 (*citing La. Power & Light Co. v. Kellstrom*, 50 F.3d 319, 324, 329 (5th Cir. 1995)).

12

fee.[63] Many of the *Johnson* factors are subsumed in the lodestar calculation, so enhancement is warranted in "rare circumstances in which the lodestar does not adequately take into account a factor that may properly be considered."[64]

When determining whether an enhancement or decrease is warranted a court need not address every *Johnson* factor. As put by the Fifth Circuit, "ruling on fee awards need not 'be so excruciatingly explicit' that those decisions 'consume more paper than did the cases from which they arose.'"[65] With that said, the court finds this case does not warrant an enhancement based on the *Johnson* factors. There is nothing novel or rare about this case. It is a standard Title VII sexual harassment case in which there is well established law. Counsel in this case did not deviate from established law or raise points of first impression, and the facts were not unique when compared to similar cases.

Plaintiff argues that taking this case foreclosed opportunities to pursue other cases, but Mr. Chavez's own affidavit shows this not to be true. He attests that his firm tried and reached a verdict on four jury trials in the Western District of Texas between July 2022 and December 2022.[66] While taking on any case will surely take up time that could go to another matter, the contention that this case kept Mr. Chavez from taking on other business does not appear correct. Plaintiff also contends that the contingency fee arrangement of the case creates a risk and delay in payment that should be remedied with an enhancement. However, the law makes clear that when "an attorney agrees to represent a civil rights plaintiff who cannot afford to pay the attorney, the attorney presumably

---

[63] *Saldivar*, 675 F. App'x at 431.

[64] *Perdue v. Kenny A. ex rel. Winn*, 559 U.S. 542, 554 (2010).

[65] *Saldivar*, 675 F. App'x at 432.

[66] "Plaintiff's Motion for Attorney Fees and Costs" 16, ECF No. 174, filed Feb. 27, 2023.

13

understands that no reimbursement is likely to be received until the successful resolution of the case."[67] The Fifth Circuit has also held, "the contingent nature of the case cannot serve as a basis for enhancement of attorneys' fees awarded to prevailing plaintiffs under traditional fee-shifting provisions."[68]

Defendant's argument for a lodestar decrease centers on the "lack of success" Plaintiff's counsel achieved. The Supreme Court explained the "most critical factor" in determining a reasonable fee "is the degree of success obtained."[69] The Court continued, "where a plaintiff achieves 'only partial or limited success,' the lodestar may be excessive."[70] A district court should "focus on the significance of the overall relief obtained by the Plaintiff in relation to the hours reasonably expended on the litigation."[71] When looking at overall success, a court cannot base fees on a success to fee ratio.[72] Reduction of the lodestar can be based on the limited success of the litigation.[73]

Looking at this case from start to finish leads one to a conclusion of "limited success." Here, the Plaintiff brought multiple claims against both Defendant and Aerotek. After removal to federal court, the claims against Aerotek were entirely dismissed. The majority of the claims against Defendant were dismissed at summary judgment. Only the Title VII sexual harassment claim went to trial, where Plaintiff obtained a jury award of $500,000 in compensatory damages.

---

[67] *Perdue*, 559 U.S. at 555.

[68] *Shipes v. Trinity Indus.*, 987 F.2d 311, 323 (5th Cir. 1993).

[69] *Hensley*, 461 U.S. at 436.

[70] *Id.* at 434.

[71] *Id.*

[72] *Saldivar*, 675 F. App'x at 432.

[73] *Id.*

14

Those damages were then reduced to $75,424 following a judgment as a matter of law motion. While Plaintiff's counsel assures that Plaintiff is happy with the outcome and that this amount is much greater than what Defendant offered at settlement,[74] the facts remain that Plaintiff's counsel did not succeed on the majority of their claims and won just a fraction of the damages Plaintiff was seeking at trial. This case did not involve non-compensatory remedies such as an injunction or an enforcement of contract terms, so success must be measured based on the compensatory damages awarded. As such, Plaintiff's counsel achieved "limited success" and the lodestar will be decreased.

In *Black v. Pan Am. Lab'ys, LLC*, a Texas Western District court reduced the lodestar by 15% because the posttrial motions resulted in a reduced award for the plaintiff.[75] In *Saldivar v. Austin Indep. Sch. Dist.*, the court reduced the lodestar by 82% based on the limited success of Plaintiff's counsel.[76] Here, the court will reduce the lodestar by 20% due to limited success.

D.   Costs

The final dispute is about Plaintiff's bill of costs. Defendant contends that costs for Title VII cases can only be recovered pursuant to 28 U.S.C. § 1920, and that some of Plaintiff's costs do not fall under § 1920.[77] In Title VII cases, an award of "reasonable attorney's fee" includes "reasonable out-of-pocket expenses incurred by the attorney which are normally charged to a fee-paying client, in the course of providing legal services."[78] Some of these reasonable out-of-pocket

---

[74] "Plaintiff's Motion for Attorney Fees and Costs" 18, ECF No. 174, filed Feb. 27, 2023.

[75] *Black v. Pan Am. Lab'ys, LLC*, No. A-07-CV-924-LY, 2012 WL 12950044 *4 (W.D. Tex. Feb. 15, 2012).

[76] *Saldivar*, 675 F. App'x at 433.

[77] "Schneider Electric's Response to Plaintiff's Motion for Attorney Fees and Costs" 17, ECF No. 182, filed March 27, 2023.

[78] *Cisneros v. UTC Providers-Austin, Inc.*, No. 1:17-CV-593-RP, 2019 WL 13253467 *8 (W.D. Tex. Aug. 7, 2019) (citing *Mota v. Univ. of Tex. Hous. Health Sci. Str.*, 261 F.3d 512, 529 (5th Cir. 2001)); *see also Alvarez v.*

15

expenses include: postage, photocopying, paralegal services, long distance telephone charges, and travel costs.[79]

Defendant does not contest all costs requested by the Plaintiff.[80] The court finds those costs not contested by Defendant reasonable. Out of the costs contested by Defendant, the court finds the mediation costs, based on Fifth Circuit precedent, and the "Sheriff's Department Posting Hearing" are nonrecoverable. Investigation costs were specifically allowed in the same case Defendant uses to strike out mediation costs.[81] Therefore, the remaining contested costs will be granted as reasonable out-of-pocket expenses.

## IV. <u>CONCLUSION</u>

The court finds that the lodestar is $200,996.95 after determining "reasonable rates" and "reasonable hours." After applying a 20% deduction based on the "limited success" of Plaintiff's counsel, the lodestar is $160,767.56. After removing mediation costs and the "Sheriff's

---

*McCarthy*, No. 20-50465, 2022 WL 822178 *8 (5th Cir. Mar. 18, 2022) ("we have 'interpreted the attorney's fee allowed by [this provision] to include reasonable out-of-pocket expenses incurred by the attorney which are normally charged to a fee-paying client, in the course of providing legal services.'").

[79] *See Cisneros*, WL 13253467 at *8; *see also Alvarez*, WL 822178 at *8.

[80] "Schneider Electric's Response to Plaintiff's Motion for Attorney Fees and Costs" 18, ECF No. 182, filed March 27, 2023.

[81] *Mota*, 261 F.3d at 530 ("We find that section 2000e-5(k) supports the award of investigation fees as a 'reasonable out-of-pocket expense.'").

Department Posting Hearing," the court awards Plaintiff $5,913.22 in reasonable costs. Accordingly,

1. It is **HEREBY ORDERED** that Defendant "Schneider Electric USA, Inc., d/b/a Schneider Electric" **SHALL PAY** to Plaintiff $160,767.56 in reasonable attorneys' fees.

2. It is **FURTHER ORDERED** that Defendant "Schneider Electric USA, Inc., d/b/a Schneider Electric" **SHALL PAY** Plaintiff $5,913.22 in chargeable costs.

**SIGNED AND ENTERED** this __7__ day of **May 2023.**

_____
**FRANK MONTALVO**
**SENIOR UNITED STATES DISTRICT JUDGE**