UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

| | |
|---|---|
| MICHELLE ARES,<br><br>Plaintiff,<br><br>v.<br><br>AEROTEK, INC. and SCHNEIDER ELECTRIC USA, INC. d/b/a SCHNEIDER ELECTRIC,<br><br>Defendants. | §<br>§<br>§<br>§<br>§   EP-19-CV-00283-FM<br>§<br>§<br>§<br>§<br>§<br>§<br>§ |

**FINAL JUDGMENT AND DISMISSAL**

All of Plaintiff's claims against Aerotek, Inc. were dismissed following a summary judgment order and reconsideration order.[1] All claims except Plaintiff's Title VII sexual harassment claim were dismissed against Schneider Electric through the same orders. Following a successful jury trial for Plaintiff against Schneider Electric, Schneider Electric filed a renewed motion for Judgment as a Matter of Law.[2] On February 13, 2023, the court entered "Order Denying Motion for Judgment as a Matter of Law and Remitting Compensatory Damages Award" [ECF No. 172] in which it denies Schneider Electric's motion for "judgment as a matter of law or a new trial on the merits" and grants, in part, Schneider Electric's challenge to the jury's damages award in the above-captioned cause.[3] Following the court's order to reduce jury damages, Plaintiff filed

---

[1] *See* "Order on Motions for Summary Judgment" 25–26, ECF No. 92, filed Feb. 10, 2021; *see also* "Order Granting Motion for Reconsideration" 7, ECF No. 99, filed June 17, 2021.

[2] See "Schneider Electric's Renewed Motion for Judgment as a Matter of Law or, Alternatively, Motion for New Trial" 1, ECF No. 167, filed Oct. 21, 2022.

[3] "Order Denying Motion for Judgment as a Matter of Law and Remitting Compensatory Damages Award" 22, ECF No. 172, entered Feb. 13, 2023.

1

her motion for attorneys' fees.[4] The court just issued a ruling on Plaintiff's motion for attorneys' fees against Schneider Electric.[5] Therefore, the court will now be issuing its Final Judgment pursuant to Federal Rule of Civil Procedure 58.

As a preliminary matter, Aerotek timely filed a "Bill of Costs."[6] Under Federal Rules of Civil Procedure Rule 54(d)(1), "[u]nless a federal statute, these [Federal Rules], or a court order provides otherwise, costs—other than attorney's fees—should be allowed to the prevailing party."[7] Aerotek is a prevailing party. Plaintiff did not file an objection to Aerotek's bill of costs. As such, the court finds good cause to grant Aerotek's request for costs.

Accordingly, the court enters the following orders:

1. It is **HEREBY ORDERED** that Plaintiff **TAKE NOTHING** from Aerotek, Inc.

2. It is **FURTHER ORDERED** that Aerotek is to recover costs in the amount of $3,398.47 from Plaintiff.

3. It is **FURTHER ORDERED** that Plaintiff recover from Schneider Electric USA, Inc., d/b/a Schneider Electric past and future damages in accordance with [ECF No. 172] totaling $75,242.00.

4. It is **FURTHER ORDERED** that Schneider Electric USA, Inc., d/b/a Schneider Electric **SHALL PAY** to Plaintiff $160,767.56 in reasonable attorneys' fees.

5. It is **FURTHER ORDERED** that Schneider Electric USA, Inc., d/b/a Schneider Electric **SHALL PAY** Plaintiff $5,913.22 in chargeable costs.

6. It is **FURTHER ORDERED** that Schneider Electric USA, Inc., d/b/a Schneider Electric **SHALL PAY** Plaintiff $3,848.63 in pre-judgment interest (i.e., eight-point two five percent of $75,242 for 228 days).[8]

---

[4] "Plaintiff's Motion for Attorney Fees and Costs" 1, ECF No. 174, filed Feb. 27, 2023.

[5] *See* "Order on Motion for Attorney's Fees" 1, ECF No. 184, filed May 9, 2023.

[6] "Bill of Costs" 1, ECF No. 173, filed Feb. 27, 2023.

[7] Fed. R. Civ. P. 54(d)(1).

[8] *Guidry v. Booker Drilling Co. (Grace Offshore Co.)*, 901 F.2d 485, 488 (5th Cir. 1990) ("Where jurisdiction is predicated on a federal question, section 1961 does not preclude the award of prejudgment interest. . . To determine whether an award of prejudgment interest is appropriate, this Court must first consider whether the [act] precludes an

7. It is **FURTHER ORDERED** that all monetary judgments awarded herein shall accrue post-judgment interest at the legal rate prescribed by 28 U.S.C. § 1961, calculated from the date of this Order.

8. It is **FURTHER ORDERED** all pending motions, if any, are **DENIED AS MOOT**.

9. The Clerk of the Court is **INSTRUCTED** to **CLOSE** the cause.

**SIGNED AND ENTERED** this ___16___ day of **May 2023.**

_____
**FRANK MONTALVO**
**SENIOR UNITED STATES DISTRICT JUDGE**

---

award of prejudgment interest, and if not, whether an award of such interest would further the congressional policies of the Act."); *see Loeffler v. Frank*, 486 U.S. 549, 565 (1988) (deciding that prejudgment interest is available in Title VII cases.); *Fox v. Fox*, 167 F.3d 880, 884 (4th Cir. 1999) ("[A]bsent a statutory mandate the award of prejudgment interest is discretionary with the trial court... the rate of prejudgment interest for cases involving federal questions is a matter left to the discretion of the district court."). This court will be using Texas law to determine the prejudgment interest rate charged. *U.S. Metals, Inc. v. Liberty Ins. Corp.*, No. 12-CV-00379, 2018 WL 11357088, at *3 (S.D. Tex. May 25, 2018) ("The rate to be applied is the prime interest rate from the Federal Reserve or a minimum base rate of five percent" (citing TEX. FIN. CODE § 304.003(c)(1)). The prime interest rate on May 11, 2023, was 8.25%.

3